**CANTON STORAGE, INC., Plaintiff-Appellant, v. NOON, Dir., Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 6069. Decided June 2, 1959.

George, Greek, King & McMahon, John W. King, of Counsel, Columbus, Aungst, Snyder, Walsh, & Krugliak, John P. Walsh, of Counsel, Canton, for plaintiff-appellant.

Mark McElroy, Atty. Genl., John W. Leibold, Asst. Atty. Genl., Columbus, for defendant-appellee.

Bricker, Evatt, Barton, Eckler & Niehoff, of Counsel, Columbus, Robert L. Barton, of Counsel, Columbus, and Mills & Mills, Virgil F. Mills, of Counsel, Canton, for the McClain Grocery Company.

(GRIFFITH, J, of the Seventh District, sitting by designation in the Tenth District.)

## OPINION

By GRIFFITH, J.

The Director of the Department of Liquor Control, in the February 3, 1958, issue of the Canton Repository, inserted the following advertisement:

"Legal advertising for bids for location of warehouse space and services and warehouse store in Canton, Ohio as follows:

"Sealed bids for supplying warehouse services and space and warehouse storeroom in Canton, Ohio for the Department of Liquor Control, State of Ohio will be received at the office of the Director, 33 N. Third Street, Columbus, Ohio up to 2.00 o'clock P. M., Eastern Standard Time, Monday, February 24, 1958. Specifications and bid forms may be obtained from the Department of Liquor Control, Room 501, 33 N. Third Street, Columbus, Ohio.

DEPARTMENT OF LIQUOR CONTROL
Robert H. Krupansky,
Director."

He also sent out a communication headed "Invitation for Bids," setting forth therein lengthy specifications. On the first page of this invitation it is stated:

"The Department of Liquor Control reserves the right to accept or reject any or all bids at its discretion and to waive, modify or accept alternates of any or all of the specifications of this proposal."

In response to the notice in the Repository and the invitation to bid, the plaintiff, Canton Storage, Inc., submitted its bid. It had for more than twenty years warehoused the liquor for the Department in a very able and satisfactory manner. The McClain Grocery Company likewise submitted a bid to furnish warehouse space in Massillon, Ohio, whereas the notice to the bidders, as well as the invitation to bid, specifies that the warehouse space should be in Canton.

The Canton Storage bid called for fourteen cents per case for the initial storage charge, and five and one-half cents per case for the renewal storage charge, whereas the McClain bid called for ten cents per case for the initial storage charge and four cents per case for the renewal storage charge. It was estimated by the comptroller of the Department of Liquor Control that the acceptance of the McClain bid would effect a net savings of $82300.00.

The Director made a thorough investigation and personal inspection of the premises and determined that a wholesale outlet at the McClain warehouse would not be feasible and awarded the contract without providing for a wholesale store at the McClain storage to McClain. The plaintiff, Canton Storage Company, Inc., went into the Common Pleas Court of Franklin County by petition, praying for a judgment in its behalf because the Director had (1) acted in violation of §4301.11 R. C.: (2) had abused his discretion in awarding the contract to McClain since the plaintiff had submitted the lowest and best bid pursuant to the invitation and the specifications therein contained in the newspaper advertisement, and further praying for an order restraining the Director from terminating the wholesale liquor store operated by the plaintiff in Canton, and from transferring the operation to the McClain Grocery

Company in Massillon, and further praying that the acceptance of the McClain bid be declared null and void.

Hearing upon application for a temporary restraining order was had, and the Common Pleas Court temporarily restrained the Director pending final disposition of the issues. About four months later the cause came on to be heard on the merits and, at the conclusion thereof, the court dissolved the restraining order, dismissed the plaintiff's petition and found in favor of the defendant. It is from this final order of November 13, 1958, that appeal was taken to this court on questions of law.

Plaintiff contends that McClain's facilities are in the wrong city, that McClain has no railroad facilities, etc., and that the McClain bid varied so substantially from the specifications that its bid should not have been considered. The plaintiff urges that the Director showed bad faith when he advertised for bids for facilities in Canton and then awarded a contract to the McClain Company in Massillon.

There is no statute requiring the Director of the Department of Liquor Control to let a warehouse contract pursuant to competitive bidding. Sec. 4301.11 R. C., has application only to contracts for lease of State liquor stores and no application to warehouse leases. The contract awarded in this case was for a warehouse only. In the absence of such a statute, the Director was free to exercise his own discretion in awarding the contract limited, of course, to the same being free from fraud and his own conduct free from a gross abuse of discretion. In this case he saw fit to invite offers from prospective warehousemen. This was purely gratuitous on his part and, perhaps, done in the abundance of care and caution that he, as such public official, should be free from suspicion.

It appears that since the establishment of the department, contracts for all warehousing have included provision for whosesale store. thus requiring competitive bidding. It is equally clear that there is no provision for competitive bidding in leasing warehouses without stores. It may be that the established practice of having a wholesale store in every warehouse has kept the question from arising heretofore. Whether competitive bidding should be required in the case of leases of warehouses is a legislative question over which we have no control. The reasons which prompted the General Assembly to require competitive bidding in the case of stores would apparently apply with equal force to leasing of warehouses, but that question is not before us.

The two warehousemen that bid on this contract did so with the full knowledge that the Director reserved the right to accept any or all bids at his discretion.

There is a complete absence of any showing of fraud, bad faith or abuse of discretion on the part of the Director. We conclude that the Court of Common Pleas did not err to the prejudice of the appellant in finding the issues in favor of the defendant.

Judgment of the Court of Common Pleas affirmed and appeal dismissed.

BRYANT, PJ, DUFFY, J, concur.

## CONCURRING OPINION

By BRYANT, PJ.

In this case, principal emphasis was placed upon whether the phrase, "a state liquor store," as used in §4301.11 R. C., is broad enough to include a warehouse used for the storage of spirituous liquor purchased by the Department of Liquor Control. In our opinion it does not include a warehouse and we believe the Legislature clearly demonstrated this in several places of the Liquor Control Act, §4301.01 et seq, R. C. For example, in enumerating the powers of the Department of Liquor Control in §4301.10 (A) (3) R. C., the Department is authorized to operate, manage and control not only retail and wholesale state liquor stores but also plants of various kinds, **warehouses** and other facilities. The fact that "warehouses" were enumerated in addition to retail and wholesale state liquor stores would indicate that the warehouses were not included within the meaning of the term, "state liquor stores."

Further under the language used in the local option election sections of the law, §4301.32 et seq., R. C., further support to this view is found. In a local option election the fifth question upon which electors may vote "yes" or "no" is:

"Shall state liquor stores **for the sale of spirituous liquor by the package, for consumption off the premises where sold,** be permitted in . . . .?". (Emphasis added.) (See §4301.35 [E] R. C.)

Sec. 4301.36 R. C., provides that if the majority of the votes cast is negative upon the question of continuing state liquor stores, all such stores shall be forthwith closed.

The appellant appears to give little or no attention to the power given to the Board of Liquor Control under §§4301.03 and 4301.04 R. C., to adopt rules and regulations relating to the management and conduct of state liquor stores, the fixing of wholesale and retail prices. Nor is reference made to the provisions of Regulations Nos. 33 and 36 of said Board requiring permit holders to purchase spirituous liquors at wholesale liquor stores and establishing practices and procedures governing permit holders "in the areas surrounding the warehouse cities." Many of the provisions of Regulation No. 36 cannot be complied with if no wholesale store is located in the warehouse.

As before stated, however, questions as to the disregard by the appellee, of a part at least, of said Regulation No. 36 as a result of the discontinuance of a warehouse wholesale store appear not to be within the scope of this appeal and having not been raised thereby will not be considered. In other respects, I concur in the majority opinion.